# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 1:19-CR-00181-RP |
| | § | 1:23-CR-00053-RP |
| RANDY RAMONE COUNCIL | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE ROBERT PITMAN**
    **UNITED STATES DISTRICT JUDGE**

Before the Court is the United States Probation Office's Second Amended Petition for Warrant or Summons for Offender Under Supervision recommending that the Court revoke Defendant's term of supervised release, filed September 11, 2025 ("Petition"). Dkt. 60 in Case No. 1:19-CR-00181-RP; Dkt. 59 in Case No. 1:23-CR-00053-RP. This Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

## Procedural Background

In Case No. 1:19-CR-00181-RP, Defendant pled guilty to Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Dkt. 42. On November 24, 2020, he was sentenced to 50 months imprisonment, followed by a three-year term of supervised release. Dkt. 52. In Case No. 1:23-CR-00053-RP, Defendant pled guilty to Escape, in violation of 18 U.S.C. § 751(a). Dkt. 23. On September 11, 2023, he was sentenced to 12 months and 1 day imprisonment, to run consecutively to the sentence in Case No. 1:19-CR-00181-RP, followed by a concurrent three-year term of supervised release. Dkt. 36.

1

Defendant's term of supervised release began on May 14, 2024. In the Petition, the Probation Officer alleges that Defendant violated the following conditions of his supervised release:

> **<u>Violation of Mandatory Condition No. 1</u>:** The defendant shall not commit another federal, state, or local crime during the period of supervision.
>
> **<u>Violation of Standard Condition No. 8</u>:** The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer.

**Nature of Noncompliance:** On August 7, 2025, after leading officers on a high-speed car chase through a residential area and onto the MoPac Expressway, Defendant was arrested and charged with two Class B Misdemeanors: Reckless Driving and Criminal Attempt. The passenger in his car, who had a lengthy criminal history, was arrested in possession of marijuana.

On August 15, 2025 and September 2, 2025, Defendant was charged with felony Credit Card or Debit Card Abuse committed July 29, 2025, August 4, 2025, and August 15, 2025; the first two cases were later dismissed. In all three cases, Defendant was observed on store video using a credit card shortly after it was stolen from a parked car by breaking a window.

Defendant was arrested again on August 25, 2025 and charged with Driving While Intoxicated, a Class B Misdemeanor, after he was discovered unconscious in the driver's seat of a car that had been sitting stationary in a drive-through lane for approximately 30 minutes.

Among these six charges filed in Travis County, Texas, Defendant pled no contest to Reckless Driving and was sentenced to one day of confinement, and he faces an active warrant for one charge of Credit Card Abuse (State Jail Felony).

> **<u>Violation of Mandatory Condition No. 3</u>**: The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence

2

report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

**Nature of Noncompliance:** On May 17, 2024, Defendant submitted a random urine test that was positive for marijuana.

<u>**Violation of Standard Condition No. 7:**</u> The defendant shall work full-time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her work (such as the position or job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Nature of Noncompliance:** Defendant has never maintained full-time employment and has made only marginal efforts toward obtaining meaningful employment.

The District Court referred this case to this Magistrate Judge to conduct a supervised release revocation hearing, and Defendant waived a preliminary hearing. On September 19, 2025, pursuant to 28 U.S.C. § 636(a) and 18 U.S.C. § 3401(i), this Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge.

At the hearing, the Government waived the violation of Standard Condition No. 8. Defendant pled "True" to the violations of Mandatory Condition No. 3, Standard Condition No. 7, and Mandatory Condition No. 1 as to the Reckless Driving charge only. The Government proceeded by proffer as to the remaining alleged violations of Mandatory Condition No. 1 without objection by Defendant. As stated on the record during the hearing, the Court finds pursuant to 18 U.S.C. § 3583(e) that there is an independent reason to believe that Defendant violated Mandatory

Condition No. 1 as to the remaining offenses charged based on the summary of evidence the prosecutor described and the facts set out in the adjustment summary.

### **Findings of the Court**

1. Defendant violated Mandatory Condition No. 1, Mandatory Condition No. 3, and Standard Condition No. 7 by his conduct as alleged in the Petition.
2. Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.
3. Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.
4. Defendant had both a factual and rational understanding of the proceedings against him.
5. Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.
6. Defendant was sane and mentally competent at the time of these proceedings.
7. Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.
8. Defendant understood all of his statutory and constitutional rights and desired to waive those rights.
9. Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.
10. Defendant waived a reading of the charges against Defendant by the Government.
11. Defendant freely, intelligently, and voluntarily pled "True" to the violations of Mandatory Condition No. 3, Standard Condition No. 7, and Mandatory Condition No. 1 as to the Reckless Driving charge alleged in the Petition.
12. The Court finds that Defendant violated Mandatory Condition No. 1, Mandatory Condition No. 3, and Standard Condition No. 7, as alleged in the Petition, and that there is a factual basis in support of those findings.

### **Factors Considered**

The Court has considered the factors set out in 18 U.S.C. § 3583(e), which makes reference to most of the factors set out in 18 U.S.C. § 3553(a), that is:[1]

a. the nature and circumstances of the offense, § 3553(a)(1);
b. the history and characteristics of Defendant, (a)(1);

---

[1] The Court did not consider the factors in § 3553(a)(2)(A): the seriousness of the offense, respect for the law, and just punishment.

   c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
   d. the need to protect the public, (a)(2)(C);
   e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
   f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
   g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
   h. the need to provide restitution to any victims of the offense, (a)(7).

## Recommendations

The Court has carefully considered the arguments of counsel and taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office in each of Defendant's cases. The Court also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade B and his criminal history category is VI, resulting in an (advisory) guideline range of 21 to 27 months imprisonment. In considering the required factors, the Court finds most compelling the nature and circumstances of the offenses; Defendant's history and characteristics; and particularly the need to protect the public. Beyond failing to satisfy multiple conditions of his supervised release, including making only marginal efforts toward obtaining meaningful employment, the Court finds that Defendant preyed on the public by burglarizing cars to steal credit cards and endangered the public by driving while intoxicated and fleeing from police in a dangerous car chase. The public will be best protected by imprisoning Defendant for a significant period.

For these reasons, this Magistrate Judge **RECOMMENDS** that Defendant's term of supervised release be **REVOKED** and that he be sentenced to **fifteen (15) months incarceration, with no term of supervised release to follow**.

### **<u>Warnings</u>**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 19, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE